

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

*610 Federal Plaza
Central Islip, New York 11722*

December 17, 2008

<u>Filed Via ECF and By Hand</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

>    Re:  United States v. Carlos Arturo Patino Restrepo,
>         also known as "Patemuro,"
>         <u>Criminal Docket No. 02 CR 1188 (S-8)(JS)</u>
>
>         United States v. Jose Luis Vallejo,
>         <u>Criminal Docket No. 02 CR 1188 (S-9)(JS)</u>

Dear Judge Seybert:

The government writes in response to the letter motions filed by defense counsel objecting to the Court's designation pursuant to Rule 50.2(f)(1) of the Eastern District Local Rules.

The defendants claim that (1) their respective superseding indictments were erroneously designated as related to the prior indictments, including that of co-defendant Bustamante in 2002, and (2) that Bustamante's 2002 indictment was improperly designated a Long Island case. As set forth below, although the government has not yet been able to obtain all relevant court records, based upon the records located thus far, the defense motions are without basis.

<u>The Relation of the Superseding Indictments</u>

The claim that the superseding indictments are not properly related to the underlying indictments is baseless.

Rule 50.3(c) provides that:

> Criminal cases are "related" only when (A) a superseding indictment is filed, or (B) more than one indictment or information is filed against the same defendant or defendants, or

>   (C) when an application is filed by a person
>   in custody that relates to a prior action.
>   Other cases will be deemed "related" only upon
>   written application by a party, upon not less
>   than ten days' notice to each other party, to
>   the judge presiding over the earlier assigned
>   case. The application will be granted only if
>   a substantial saving of judicial resources is
>   likely to result from assigning both cases to
>   the same judge, or is otherwise in the
>   interest of justice.

Rule 50.3(c), U.S.Dist.Ct.Rules E.D.N.Y.

A plain reading of Rule 50.3 shows that the superseding indictments at issue are, by their very nature, related under this rule.  Thus, they are properly related.

The defense makes the claim that the superseding indictments were related to Long Island because that is where the AUSA formerly assigned, AUSA Klapper, worked at the time. Contrary to the defense claim, at the time of the superseding indictments, April 5, 2007 (S-8) and May 10, 2007 (S-9), AUSA Klapper was located in Brooklyn, not Central Islip, and, as such, it was less convenient, rather than more convenient, to have the case assigned to Long Island.  Regardless of the location of the AUSA, it would have been improper for the government to file a superseding indictment and not relate it to the prior underlying indictments. The government also notes that at the time of the filing of the superseding indictments, the initial co-defendant, Bustamante, as well as others, was still pending (in fact Bustamante was extradited and arraigned on July 20, 2007).

The government notes that neither Bustamante, nor any other co-defendants objected to the designation of this Court.  As such, that designation became final pursuant to Rule 50.2(f)(1). Moreover, as set forth above, defendants Patino Restepo and Vallejo were properly related to their co-defendants on the superseding indictments.  As such, an objection pursuant to Rule 50.2(f)(1) is inappropriate.  However, in any event, as set forth below, the Bustamante indictment was properly related.

### The Relation of the Underlying Bustamante Indictment

The defense further claims that the original Bustamante indictment was improperly designated a Long Island case.  Although the clerk's office has been unable to locate the information sheet for the 2002 Bustamante indictment, the government believes that

such information sheet indicated that the cause of action arose in Kings or Queens Counties, but that the case was related to <u>United States v. Monsalve</u>, 97-CR-0791 (JS).[1]  The government notes that this is consistent with the information sheets for the superseding indictments at issue, which indicate "Kings" and "Queens" counties, respectively.  These information sheets are attached as exhibits.

The <u>Monsalve</u> and <u>Bustamante</u> cases were properly related. Monsalve was Bustamante's chief lieutenant in the United States and received all of Bustamante's drug shipments between 1992 through 1997, either directly or through his workers.  Another co-defendant in the <u>Monsalve</u> case, Ignacio Lobo, laundered all of Bustamante's drug proceeds during the same time period, through three money remitter stores.  The government would have called Monsalve and Lobo as witnesses at a trial of Bustamante (Bustamante has since pleaded guilty).

Moreover, although the <u>Monsalve</u> information sheet has not yet been located, according to information obtained from the clerk's office, the <u>Monsalve</u> case was related to <u>United States v. Medina</u> (97-CR-334 (JS)), <u>United States v. Puerta and Espitia</u> (97-CR-262 (JS)) and <u>United States v. Soto</u> (97-CR-215 (JS)).  The government has not yet obtained the information for <u>Soto</u>, but the information sheets for <u>Medina</u> and <u>Puerta/Espitia</u> are attached.  The information sheets for <u>Medina</u> and <u>Puerta/Espitia</u> indicate the county of action as "Queens," however, due to their relation to <u>Soto</u>, they were assigned to this Court.

The <u>Medina</u> and <u>Puerta/Espitia</u> cases involved an ICE investigation into drug money laundering by money remitters in the Queens area, specifically by agents of the remittance company called Vigo Remittance Corp.  The three money remitter stores were operated by Lobo, through which all of Bustamante's drug proceeds were laundered.  For this reason, the <u>Monsalve/Lobo</u> case was related to the <u>Medina</u> and <u>Puerta/Espitia</u> cases.

Although the <u>Soto</u> information sheet has not yet been obtained, the government believes that <u>Soto</u> was related to <u>United

---

[1] The government believes that defense counsel for Patino Restrepo is incorrect in his assertion that the <u>Monsalve</u> case was assigned to Magistrate Pohorelsky *in Brooklyn*.  Rather, the government understands that Magistrate Pohorelsky was at that time the assigned Magistrate at the *Uniondale* courthouse on Long Island and that Your Honor was the assigned District Court Judge. Magistrate Pohorelsky did not move to the Brooklyn Courthouse until May 2000.

4

<u>States v. Carpio</u> (94-CR-580 (JS)).  The docket sheet for <u>Carpio</u> is unavailable via Pacer, however, the government believes that <u>Carpio</u> was assigned to the Court when Your Honor was sitting in Brooklyn in 1994.  As such, the defense claim that Bustamante's case was inappropriately designated as a "Long Island" case for the convenience of the government is not only wrong, but factually inaccurate.  The initial case, <u>Carpio</u>, appears to have been randomly assigned to the Court in Brooklyn and the related cases appropriately followed the Court's move to Long Island.

      The government is seeking additional information from the clerk's office, which requires requests to the national archives.  Should the government obtain any additional relevant information, we will forward that to the Court.

      Respectfully submitted,

      BENTON J. CAMPBELL
      United States Attorney

By: _____
    Allen L. Bode
    Assistant U.S. Attorney
    (631)715-7828

cc:  Todd M. Merer, Esq.

    Paul Testaverde, Esq.