

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

December 18, 2008

<u>Filed Via ECF and By Hand</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

> Re: United States v. Carlos Arturo Patino Restrepo,
> also known as "Patemuro,"
> <u>Criminal Docket No. 02 CR 1188 (S-8)(JS)</u>
>
> United States v. Jose Luis Vallejo,
> <u>Criminal Docket No. 02 CR 1188 (S-9)(JS)</u>

Dear Judge Seybert:

The government writes in response to the letter motion filed by defense counsel for defendant Patino Restrepo objecting to the government's position regarding the danger inherent in a co-defendant meeting between defendant's Patino Restrepo and Vallejo.[1]

It is well settled that the decision to permit co-defendant meetings resides with the Bureau of Prisons ("BOP"), not the United States Attorney. Although the BOP sought and was advised by the undersigned of the position of the United States Attorney's Office, the ultimate decision was made by the BOP. As such, the defendants must seek appropriate administrative redress with the BOP.

---

[1] Although the government also objected based upon <u>Maine v. Moulton</u>, 474 U.S. 159 (1985), as Vallejo has informed Patino Restrepo that he plans to meet with the government, the government no longer believes that Patino-Restrepo's right-to-counsel would be violated. This is true even though Vallejo's cooperation would obviously require Vallejo to detail his activities and communications relevant to Patino Restrepo's involvement to allegedly pay a bribe and motive (i.e., to cover his drug trafficking activities).

2

  The United States Attorney's Office objected to co-defendant meetings in the instant case based upon the very real danger posed by allowing Patino Restrepo and Vallejo to meet. The government is currently investigating a conspiracy between the defendants to kill an ICE agent and a federal prosecutor. Both Vallejo and Patino Restrepo have made statements to a number of individuals about this plot. Allowing the defendants to meet is likely to exacerbate this danger as the defendants may communicate with one another regarding the conspiracy in coded language or via other methods without the knowledge of their respective attorneys.

  Neither defendant cites any authority for a right to a co-defendant meeting, especially under circumstances where, such as here, there is a real confirmed threat involving the defendants.

         Respectfully submitted,

         BENTON J. CAMPBELL
         United States Attorney

      By: _____
         Allen L. Bode
         Assistant U.S. Attorney
         (631)715-7828

cc: Todd M. Merer, Esq.

   Paul Testaverde, Esq.