UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                                 **ORDER**
                                                           CR 02-1188 (JS)(ARL)

CARLOS ARTURO PATINO RESTREPO,        Def # 18


----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The court received today a letter dated February 26, 2009, in which the government asserts that the Touhy regulations govern the procedure for obtaining testimony from DOJ employees. The government does not address the applicability of these rules, where as here, the witnesses were ordered produced by the court. The witnesses were ordered produced to address the court's concerns that the defendant's constitutional rights are being harmed by his continued detention in the SHU.

      The defendant Patino has asserted that his continued detention in the SHU violates his Fifth Amendment right to due process as well as his Sixth Amendment right to counsel. In particular Patino alleges that the threat assessment leading to his placement in the SHU was based upon demonstrably unreliable information and was intended to punish him for refusing to withdraw his corruption allegations against the ICE Special Agent assigned the investigation of this matter. Moreover, Patino asserts that the government has used the SHU in this case to further its trial strategy of securing pleas with cooperation. In support of this claim the defendant points to the SDO which fails to set forth any reasons for the defendant's confinement to the SHU. The record also supports the defendant's assertion that he brought corruption charges against the ICE agent which were made the subject of several investigations. Finally, as further evidence of the government's animus, the defendant points to AUSA Klapper's letter of June 4, 2008, in which she makes clear that withdrawal of the corruption allegations (which she believes to be false) would be a condition to any plea negotiations involving cooperation.

      The government argues that the propriety of Patino's administrative detention must be reviewed administratively in the first instance. Consistent with this position, the government has refused to provide this court with any information concerning the basis for Patino's detention in the SHU.[1] The government concedes that the exhaustion requirement may be excused when a petitioner demonstrates that pursuing appeals through the administrative process would be futile

---

1. On February 9, 2009, at Judge Seybert's direction, Deputy U.S. Marshall Rosado provided the court with an ex parte summary of his investigation of the alleged threat against AUSA Klapper. It is clear from the proffer that Marshall Rosado did not confer with the MDC. Thus, it is entirely unclear what information formed the basis for Patino's administrative segregation. .

or, where immediate judicial review is necessary to prevent constitutional harm. Notwithstanding the court's stated concern that the defendant's allegations raise constitutional concerns and that administrative review may be futile under these circumstances, the government persists in its refusal to proffer any information to this court to allay any of these concerns. Instead, the government has insisted that the defendant be put to his proof. Faced with this intransigence and for the purpose of furthering the court's preliminary inquiry as to whether exhaustion should be excused, the court ordered the production of AUSA Klapper, Agent Viola and Deputy Marshall Lee, all or any one of who may have had input into the decision to administratively detain the defendant. This court made clear that it is prepared to take ex parte testimony should this be necessary to prevent harm to either witnesses or any ongoing investigation. Accordingly this court reiterates its order that these witnesses be produced on March 2nd to address the matters described above.

Dated: Central Islip, New York
       February 27, 2009

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge