UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,                **Case No.: 02 CR 1188 (S-13)**

      -against-

CARLOS ARTURO PATINO RESTREPO

                        Defendant.
-----------------------------------------------------------X

MOTION PURSUANT TO 28 USC § 1867 TO INSPECT
GRAND AND PETIT JURY RECORDS

TO: CLERK OF DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK; UNITED STATES OF AMERICA, PLAINTIFF; AND TO ALLEN L. BODE AND RAYMOND A. TIERNEY, COUNSELS FOR PLAINTIFF;

    Come Now, the defendant Carlos Arturo Patino Restrepo, by and through undersign counsel, and moves for an order that he be provided with records, materials, writings, and other discovery related to proceedings before each of the grand juries that considered the matters resulting in the indictment in this case.

    The Jury Service Act (JSSA) provides a short pre-trial window within which a party must move to challenge non-compliance with the provision of the statute. The defendant in the instant case is preparing a motion challenging jury selection procedures and this motion should be granted for the reasons stated herein.

*The law clearly supports granting discovery of records and papers pertinent to the Court's jury composition*

    The Jury Selection Act provides that: "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court

1

convenes." 28 U.S.C. § 1861. On its face, the Jury Selection Act provides that "before the *voir dire* examination begins...the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of a substantial failure to comply with the provisions of [the Act] in selecting the grand or petit jury." *Id.* § 1867(a).

In <u>Test v. United States,</u> 420 U.S. 28, 30 (1975), the United States Supreme Court stated that

§ 1867(f) provides that:

... A litigant has essentially an unqualified right to inspect jury lists ... indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge.

 The court added that the only limitation authorized by Congress on the disclosure of this information is that it must be made at reasonable times. *Id.* at page 30, fn. 4. To avail him or herself of the right to access of otherwise protected jury records, "... a litigant needs only allege that he [or she] is preparing a motion challenging jury selection procedures." <u>United States v. Layton,</u> 519 F.Supp. 946, 958; see also, <u>Test v. United States,</u> 420 U.S. at 30. The nature of the *prima facie* case made *in order to secure an order for inspection of jury records* is not critical, because the accused has the unqualified right to inspection under *Test*. See, <u>Government of Canal Zone v. Davis,</u> 592 F.2d 887, 889 (5th Cir. 1979) noting that it does not matter whether any accompanying affidavit "... established *a prima facie* case of defective jury selection ... [because] a defendant is denied access to the very materials containing the information necessary to the filing of a motion to dismiss for defective jury selection [where the right to unqualified inspection is not respected]." See <u>United States v. Beaty,</u> 465 F.2d 1376, 1379-80 (9th Cir. 1972), reversing the District Court's denial of inspection of jury records because the motion was not supported by a sworn statement of facts showing a probability of merit of the proposed jury challenge, and rejecting a contention that the granting of such a motion would "create serious security problems."

 Moreover, Sec. 1868 provides that after the master jury wheel is emptied and refilled pursuant to Sec. 1863(b) (4), "all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody of the clerk for four years or for such longer period as may be ordered by a court, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury."

*The Defendant Patino Restrepo should be provided access to: (a) the manual of procedures used by the clerk to compile the master and qualify jury wheels; (b) the names on the 2010 qualified jury wheels; (c) any other statistical compilations compared by the clerk's office concerning the makeup of the jury pool from which the grand jury that indicted the accused was drawn.*

In *United States v. Beaty, supra,* a district court's order denying access to jury records was reversed. *Id.* at 465 F.2d 1379-82. While this Court has discretion to 'fashion' the manner of inspection of current jury records, an accused can review old records specific to the composition of a master jury wheel (or master list), as well as the contents of records or papers used in connection with the jury selection process. *Id.* at 1381-82. The unqualified right to inspection covers not only matters covered by § 1867, but also matters comprehended within the statutes' overall purpose. <u>United States v. Alden,</u> 776 F.2d at 773.

A motion challenging a jury selection system, or the composition of a past Grand Jury, is focused on the manner by which such juries are composed -- as well as their actual composition. A claim that either Grand or Petit Juries are not properly selected at random from a fair cross section of the community, as required by the Sixth Amendment, is violative of specific case law, as well as the pertinent statutory scheme. See, generally, <u>Taylor v. Louisiana,</u> 419 U.S. 522, 528 (1975); <u>U.S. v. Rodriguez-Lara,</u> 421 F. 3d 932, 941-3 (9th Cir., 2005). See also, <u>28 U.S.C. § § 1861, *et seq.*</u> [Jury Selection and Service Act of 1968]. This state of affairs was recognized by subsequent case law, including the seminal case of *Test, supra.*

*Mr. Patino Restrepo also have the right to inspect the master jury wheel record and related records if any deficiencies in the current jury selection process is established which demonstrate the likelihood of a substantial failure to currently comply with the provisions of <u>28 U.S.C. 1867</u>.*

The defendant in this case is entitled to review jury records, including current jury composition records, to assess whether a deficiency in the system can be shown and to ensure that any Petit Juries involved in this case are selected at random from a fair cross section of the community, as required by the Sixth Amendment. (See, generally, <u>Taylor v. Louisiana,</u> 419 U.S.

522, 528 (1975); *Test v. United States, supra;* see also, 28 U.S.C. §§ 1861, et seq. [Jury Selection and Service Act of 1968].)

This motion specifically requests that:

1. This Court stay the proceedings in this action predicated on irregularities in the composition of the Grand Jury which indicted the defendant Carlos Arturo Patino Restrepo this case until the below discovery has been provided, and any challenges to the composition of the Grand Jury have been fully litigated;

2. That this Court prohibits the trial of defendant Carlos Arturo Patino Restrepo in this case until such time as inspection or discovery of jury records is completed, and any related challenge has been fully litigated;

3. That this Court order that counsel for the defense have access to (for copying, or where pertinent for inspection of) all information, records, materials, and writings necessary to an adequate and full determination of the validity of any composition to the challenge of the Grand Jury, or to the pool, or panels, of any upcoming Petit Jury. The materials, records, writings, sought to be disclosed in and by this motion are:

(a) All writings, memoranda, reports, manuals, or information, including any JS-12 reports compiled since implementation of its general order, which is the *Plan of the United States District Court for the Eastern District of New York for the Random Selection of Grand Jury and Petit Jurors;*

(b) The disk copy or hard copy of the *source list,* or *supplemented voter registration list,* from which the selection of the Grand Jury composed in this case, which returned the Indictment, was made - and if more than one Grand Jury was seated, those records for *all* pertinent Grand Juries;

(c) The master jury wheel; the qualified jury wheel; and Grand Jury wheel for each of the jury divisions within this District;

(d) the actual lists, forms, materials, memoranda, or procedures, including the actual magnetic disks, setting forth the master jury wheel, qualified jury wheel, and Grand Jury wheel for each of the jury divisions within this District;

(e) Any juror utilization reports prepared by the Court, or any consultant working for the Court, or any agency concerned with the operation of the Court, which has reported on the composition of juries, and/or the operation of the jury system

(f) Any reports of the type described in the item immediately above that have been made to this Court by any Court personnel, associated agency personnel, or contractor, since the announcement of the 2010 Census;

(g) The text description of the actual computer program, including the random selection program, and the computer operation related manuals, or other technical documentation, describing the process by which the voter registration and record information list, and the driver record or information list are merged and purged of duplicate names;

(h) With respect to the item described in the paragraph immediately above, any editing, rewriting, or change in technical characteristics of the program at issue either to implement, delete, or modify: random selection characteristics, non-random selection characteristics, including the ability of the operator to "hand feed" any names or prospective jurors into the draw, or "dump" list;

(i) With respect to the two previous paragraphs, a description of the process by which the merged voter and driver record information lists are made into the "supplemented voter registration list," then the master jury wheel, and the qualified jury wheel;

(j) All transcripts, documents, manuals, or memoranda describing the method by which Grand Jury forepersons involved in this case were selected;

(k) All directives, instructions, handouts, or information provided to Grand Jurors concerning: their duties as Grand Jurors; their attendance, their manner of deliberation;

(l) For the previous 24 months, juror utilization reports, or other records, if necessary including completed juror qualification questionnaires to allow review of the following information:

1. Persons found qualified for service in the last 24 months;

2. Persons disqualified from jury service in the last 24 months;

3. Records evidencing the method and means by which persons were disqualified;

4. Persons excused from service during the time period at issue;

5. Persons exempted from service during the time period at issue;

6. Any manuals, circulars, and memoranda describing the policies used to disqualify, defer, exempt or exclude persons from jury service in the past 24 months;

7. Any completed juror qualification questionnaires filled out by Grand Jury forepersons selected during the previous 24 months, and in particular, the questionnaires specific to the Grand Jury forepersons who sat during the course of the indictment of the defendants in this case;

8. Information, including documents, court reports, statistical analyses describing:

(a) The total number of questionnaires sent out in the past 24 months;

(b) The number of questionnaires or summonses for which there was no response or return to the Court;

(c) The number of questionnaires or summonses returned as undeliverable either by the Postal Service, or some other delivery mechanism;

(d) The number of persons found disqualified by statute, automatically exempted, or otherwise permanently excused during the past 24 months;

(e) The number of persons actually qualified for jury duty in the past 24 months.

(f) The number of summonses sent to prospective jurors in the past 24 months;

(g) The number of persons who requested and received a temporary deferral of service to a later time;

(h) The number of persons expected to report for jury duty;

(i) The number of persons who did not report as instructed;

(j) The total number of persons actually serving on jury duty;

(k) Any reports, statistical analyses, jury operation reports or analyses, written in response to any motion for discovery of jury information, or any motion to dismiss, brought by a defendant in this Court since 2005.

CONCLUSION

This motion is made in good faith and not for purposes of delay and is rooted both in the case law and statutory authority that provides accused persons the right to inspect material pertinent to the composition and conduct of Grand and Petit Juries under the Fifth and Sixth Amendments to the United States Constitution, 28 U.S.C. § 1867(f), as well as under *Test v. United States,* 420 U.S. 28 (1975), and related case law. For the reasons set forth here, Mr. Pation Restrepo respectfully submits, that this Motion for Inspection and Copying of Jury Records should be granted, and that the pertinent Order should issue.

Dated: February 18th, 2011

Respectfully submitted,

*/s Jose A. Muniz*

JOSE A. MUÑIZ, ESQ.
277 BROADWAY, SUITE 108
NEW YORK, NY. 10007
(212) 964-3736

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of FEBRUARY 2011, I caused a true and correct copy of the foregoing MOTION PURSUANT TO 28 USC § 1867 TO INSPECT GRAND AND PETIT JURY RECORDS to be delivered via Electronic Case Filing to the parties in this case.

*/s Jose A. Muniz*

JOSE A. MUÑIZ, ESQ.
277 BROADWAY, SUITE 108
NEW YORK, NY. 10007
(212) 964-3736