Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| **United States District Court** | District Eastern District of New York |
| Name: Carlos Arturo Patino Restrepo | Docket or Case No.: 2:02-cr-01188-LDW-18 |
| Place of Confinement: FCI Schuylkill | Prisoner No.: 64782-053 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. | Carlos Arturo Patino Restrepo |

*FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y.*
*APR 13 2015*
*LONG ISLAND OFFICE*

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court Court, Eastern District of New York, Central Islip Courthouse

   (b) Criminal docket or case number (if you know): 2:02-cr-01188-LDW-18

2. (a) Date of the judgment of conviction (if you know): 5/15/12

   (b) Date of sentencing: 4/25/12

3. Length of sentence: 40 years on each count, to run concurrently.

4. Nature of crime (all counts): _____
   Count 1: Conspiracy to distribute and possess with intent to distribute at least 5 kg of cocaine:
   21 USC 846, 841(a) & 841(b)(1)(A)(ii)(II)

   Count 2: Conspiracy to import at least 5 kg of cocaine: 21 USC 963, 960(a)(1) & 960(b)(1)(B)(ii)

   Count 3: Conspiracy to distribute and import at least 5 kg of cocaine: 21 USC 963, 959(a)&(c),
   960(a)(3) & 960(b)(1)(B)(ii)

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☒         (2)  Guilty ☐         (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
   what did you plead guilty to and what did you plead not guilty to? _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

7. Did you testify at either a pretrial hearing, trial or post-trial hearing?     Yes ☐     No ☒

RECEIVED
MAR 27 2015
PRO SE OFFICE

8. Did you appeal from the judgment of conviction?          Yes ☒          No ☐

9. If you did appeal, answer the following:

   (a) Name of court: United States Court of Appeals for the Second Circuit

   (b) Docket or case number (if you kow):    12-2246-cr (L); 12-3329-cr (CON)

   (c) Result:    Conviction affirmed.

   (d) Date of result (if you know): 11/27/13

   (e) Citation to the case (if you know): U.S. v. Restrepo, 547 Fed. Appx. 34 (2d Cir. 2013)

   (f) Grounds raised: 1. 6th Amend right to impartial jury denied by erroneous legal instructions during voir dire; 2. Ineffective assistance of counsel due to counsel's failure to object to erroneous voir dire inquiry re: accomplice witnesses; 3. District court erred in refusing to give both a multiple conspiracy charge and a limiting instruction re: non-NVC narcotics transactions; 4. Prosecutorial misconduct in summation; 5. Brady violations; 6. Appellant deprived of 5th Amend right to independent, properly informed and instructed Grand Jury; 7. Court erred in admitting evidence of conduct before 12/17/97 in violation of the rule of specialty.

   (g) Did you file a petition for certiorari in the United States Supreme Court?          Yes ☒   No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know): 13-1025

    (2) Result Petition for writ of certiorari to the United States Court of Appeals for the Second Circuit denied.

    (3) Date of result (if you know): 3/31/14

    (4) Citation to the case (if you know) Restrepo v. U.S., 134 S.Ct. 1772 (2014)

    (5) Grounds raised: 1. Admission of evidence of conduct in contravention of the terms of an extradition agreement violates the rule of specialty, principles of comity, contract and intl'l law, and the due process clause; 2. Conspiracy law has decimated constitutional rights, the integrity of int'l agreements and the rights of extradited defendants; 3. Extradited defendant has standing to challenge receiving jurisdiction's failure to comply with terms of extradition agreement embodied in diplomatic notes.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

(1)  First petition:        Yes ☐   No ☐

(2)  Second petition:    Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** : Newly discovered evidence demonstrates perjury by at least two key government witnesses: Juan Carlos Sierra Ramirez and Luis Fernando Castano Alzate.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Recently released Colombian judicial documents, attached as Exhibits A and B, establish that Juan Carlos Sierra Ramirez ("Sierra"), a key witness who testified at the second trial only and linked me to the charged drug distribution enterprise, made material misstatements of fact on the witness stand. Specifically, Sierra testified about my links to the AUC (a paramilitary group that he claimed to belong to) as a major cocaine trafficker with the Norte Valle drug cartel ("NVC"). Exhibit A, however, establishes that Sierra was NEVER a member of the AUC. And Exhibit B further suggests that Luis Fernando Castano Alzate, a second key government witness who testified only at the second trial, perjured himself when he denied working for the Envigado Office on cross-examination. It is unclear whether the government was aware of the witnesses' perjury.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The Colombian investigation into Sierra's AUC membership followed the direct appeal. The 2d Cir. affirmed my conviction in 2013, and Exhibits A and B date from July and September 2014.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

**GROUND TWO:** The government withheld materially favorable statements made by two co-defendants – Jose Aldemar Rendon Ramirez and Dagoberto Flores Rios – to which I lacked access.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Jose Aldemar Rendon Ramirez ("Rendon") is a co-defendant who served as the NVC's principal seller of cocaine in New York.  Dagoberto Flores Rios ("Rios") is a co-defendant who served as a manager within the NVC structure.  Rendon and Rios both pled guilty and served as cooperating witnesses, although neither testified at my trials.  Rendon now states that he was interviewed by the government in 2009, saying I was not a member of the NVC and that he, Rendon, never took part in any drug shipments with me. (See Exhibit C). Rios now states that he was interviewed by the government in 2008 and 2009, saying I was not a member of the NVC and that he, Rios, never took part in any drug shipments with me. (See Exhibit D).  These materially favorable statements were never turned over to me by the government.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Because Rendon and Rios were cooperating witnesses, they were unwilling to meet and speak with my lawyers prior to completing their U.S. prison terms.  When they returned to Colombia, one of my friends tried to make contact, but was unable to speak with them before my appeal.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** Trial counsel was ineffective in failing to call Jose Ernesto Vasquez Aguirre as a witness to impeach the testimony of Lina Orozco, a key government witness whose testimony linked me to the EDNY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Lina Orozco testified that her husband, Jaime Patino, worked for me, selling cocaine in the United States. Lina testified that from October 1996 to May 1997 she, Jaime, and Ernesto Vasquez lived in Chicago where the men sold drugs for me,

and that from July to December 1997 she and Jaime lived in a house in Long Island that was used to stash my drug money, Ernesto living with them for a little while. I knew Ernesto Vasquez and told my trial counsel to get in touch with him because Ernesto would testify that he never sold drugs for me, but my lawyer did not do this. I now have a transcript of an interview with Ernesto Vasquez, attached as Exhibit E, that confirms he was never engaged in ANY drug business, and that he and Jaime NEVER worked together; they were only friends. Further, Ernesto explains that he only met me in 1998, so it is impossible that he was working to sell drugs or launder money on my behalf in 1996 and 1997 as Lina testified. If my trial counsel had called Ernesto Vasquez to testify, he would have impeached Lina's testimony linking me to the Eastern District of New York.

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: There is a presumption against deciding ineffective counsel claims on direct appeal. This ineffective counsel claim relies on information outside the record (Vasquez's interview).

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

**GROUND FOUR:** Appellate counsel was ineffective in failing to argue that the government's evidence and summation, and the Court's jury charge, unconstitutionally broadened the indictment in violation of the 5th Amend Grand Jury Clause.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Introduction to the 13th superseding indictment, filed before the second trial, alleged that I was "a cocaine trafficker who participated in the exportation of individual drug loads with members of the NVC." Each of the three conspiracy counts realleged and incorporated this claim by reference. But once the trial began, the government's evidence established the existence of a broader agreement between myself and assorted other drug traffickers with no relation to the NVC, involving acts that were not in furtherance of the principal conspiracy charged in the indictment. In summation, the government told the jury that it could find me guilty if I conspired to bring cocaine into the country with anyone, not just NVC members. Exacerbating this error the district court failed to instruct the jury that it had to find the underlying conduct was committed within the ambit and in furtherance of the core conspiracy described in the indictment. Appellate counsel failed to raise this claim on direct appeal.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _Appellate counsel was ineffective._
_____
_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them: _____

    None of the grounds were raised on direct appeal (for the reasons stated above), and no other
post-conviction motions, petitions or applications were made.

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the
judgment you are challenging?    Yes ☐  No ☒

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, and the
issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: Todd Merer, 635 Madison Avenue, 15 Fl., New York, NY 10022

(c) At trial: A.Eduardo Balarezo, 400 Fifth St., NW, Suite 300, Washington, DC 20001;William D. Purpura,

8 E Mulberry St., Baltimore, MD 21202; Jose A. Muniz, 277 Broadway, Suite 108, NY, NY 10007

(d) At sentencing:   Jeffrey C. Hoffman & Susan C. Wolfe, Hoffman & Pollok, 260 Madison

Ave., New York, NY 10024

(e) On appeal:   Jeffrey C. Hoffman & Susan C. Wolfe, Hoffman & Pollok, 260 Madison Ave.,

New York, NY 10024

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same

court and at the same time?          Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          Yes ☐   No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or

sentence to be served in the future?          Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, movant asks that the Court grant the following relief: Reversal of conviction, upon an
evidentiary hearing if necessary.

_____

or any other relief to which movant may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on *delivered by hand* March 27, 2015
_____ (month, date, year).


Executed (signed) on *3/27/15* _____ (date).


X Carlos Patino Patino R.     Dave Oxen for Carlos Patino
_____     _____
                              Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this
motion. Petitioner incarcerated; signed by third party to expedite filing in advance of
approaching deadline. Mr. Patino is a family friend and has
authorized me to sign on his behalf.